IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NATHANIEL N. NARTEY, | : | |
| | : | C.A. No. |
| Plaintiff, | : | |
| | : | |
| v. | : | **TRIAL BY JURY DEMANDED** |
| | : | |
| ADVOSERV, a business entity, and | : | |
| ADVOSERV PAYROLL, LLC., a | : | |
| Delaware limited liability company, | : | |
| | : | |
| Defendants. | : | |

## <u>COMPLAINT</u>

1.     Plaintiff Nathaniel N. Nartey is a resident of the State of Delaware, who resides at 14A Clinton Court, New Castle, Delaware 19720.

2.     Defendant AdvoServ is a business entity whose principal place of business located at 2520 Wrangle Hill Road, Suite 200, Bear, Delaware 19701.

3.     Defendant AdvoServ Payroll, LLC, is a Delaware limited liability company whose registered agent for service of process is Corporation Services Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

4.     Defendants are employers within the State of Delaware and within the jurisdictional coverage of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* (the "ADA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*

5.   Jurisdiction is conferred on this Court by 42 U.S.C. §12117(a), by 42 U.S.C. §2000e-5(f)(3), and by 28 U.S.C. §1367.

6.   Plaintiff brings this action to redress the wrongs done to him by Defendants' discrimination against him on the basis of his disability, his national origin, and his religion, and by Defendants' retaliation against him for his exercise of his rights under Delaware's workers' compensation statutes.

7.   Plaintiff timely submitted a complaint of discrimination on the basis of disability, national origin, and religion to the Delaware Department of Labor and the Equal Employment Opportunity Commission (the "EEOC").

8.   Plaintiff has received a Notice of Right to Sue for the above-referenced charge from the EEOC.

9.   Plaintiff has timely filed this Complaint within ninety (90) days of his receipt of the aforementioned Notice of Right to Sue.

10.   Venue for all causes of action stated herein lies in the District of Delaware, as the acts alleged as basis for these claims took place within that District.

11.   At all times relevant to this Complaint, Plaintiff suffered from a "disability" as that term is defined by 42 U.S.C. §12102(1). Specifically, he had a physical impairment that substantially limited one or more major life activities, including, but not limited to, working and the ability to stay awake and alert; he

has had a record of such an impairment; and/or he has been regarded by Defendants as having such an impairment.  Plaintiff's disabilities, at all times relevant to this Complaint, included, but were not necessarily limited to, a physical condition that resulted from a work-related injury that occurred on or about November 17, 2014.

12.     Plaintiff's country of national origin is Ghana.

13.     Plaintiff is, and at all times relevant to this Complaint was, a Seventh-Day Adventist.

14.     Plaintiff was employed by Defendants from on or about September 6, 2012, until his termination on or about November 20, 2014.  At the time of his termination, Plaintiff was employed as a Direct Support Professional.

15.     At all times relevant to this Complaint, Plaintiff was qualified for his job position and satisfactorily performed all duties of his job position.

16.     Following a return from medical leave in or about March 2014, Plaintiff was transferred, and a previous agreement allowing him to work throughout the week except for Saturdays, to accommodate his religious beliefs, was no longer honored.

17.     On or about November 17, 2014, Plaintiff suffered a work-related injury when he was bitten by a client.  Plaintiff reported the injury and an incident report was filed.

18.     Defendants' Program Director, Hilda Light, and Plaintiff's immediate supervisor, Erin Wright, were informed of Plaintiff's injury.

19.     As a result of the injury, Plaintiff was forced to take antibiotics and Ibuprofen to combat pain and infection.

20.     As a result of the pain and medication, Plaintiff informed his supervisor, Wright, that he was unable to report to work on November 18, 2014.

21.     On or about November 19, 2014, despite the fact that Plaintiff continued to suffer from pain and was drowsy from medication, Wright insisted that Plaintiff report to work, even though Plaintiff would not normally have been required to report to work on that date.

22.     Subsequently, Wright reported Plaintiff for sleeping on duty, and Plaintiff was terminated.

23.     On the same date, *i.e.*, November 19, 2014, Wright observed another staff member, Lou Harrell, sleeping during work hours, but Wright did not report or discipline Harrell.  At all times relevant to this Complaint, Harrell was not a member of any of Plaintiff's protected classifications.

24.     On previous occasions, Wright had routinely slept during work hours but had never been disciplined for doing so.

25.     The reasons proffered by Defendants for Plaintiff's termination, *i.e.*, sleeping while on duty, was pretextual and intended to mask the true reasons for

Defendants' actions, *i.e.,* discrimination against Plaintiff on the basis of his disability, his national origin and his religion, and retaliation against Plaintiff for the exercise of his rights under Delaware's workers' compensation statutes.

26.     Defendants are liable for the actions of their agents as set forth in this Complaint under the principles of agency and the doctrine of *respondeat superior* and pursuant to the corporate ratification of the agents' actions by Defendants.

27.     The wrongful acts permitted by Defendants, as stated hereinabove, were willful, wanton, and committed in bad faith.

## COUNT I - AMERICAN WITH DISABILITIES ACT

28.     Plaintiff re-states and hereby incorporates by reference paragraphs 1 through 27 hereinabove.

29.     By committing the aforementioned acts, including terminating Plaintiff, Defendants have discriminated against Plaintiff on the basis of his disabilities in violation of the ADA.

30.     As a direct result of this discriminatory conduct of Defendants, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

    (a)     Back pay, including interest;

(b)  Reinstatement, if feasible, or in the alternative, front pay;

(c)  Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

(d)  Punitive damages;

(e)  Pre-judgment and post-judgment interest;

(f)  Attorneys' fees; and

(g)  Any other relief that this Court deems just.

## COUNT II - TITLE VII

31.  Plaintiff re-states and hereby incorporates by reference paragraphs 1 through 30 hereinabove.

32.  By committing the aforementioned acts, including terminating Plaintiff, Defendants have discriminated against Plaintiff on the basis of his national origin and his religion in violation of Title VII.

33.  As a direct result of this discriminatory conduct of Defendants, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

(a)  Back pay, including interest;

(b)    Reinstatement, if feasible, or in the alternative, front pay;

(c)    Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

(d)    Punitive damages;

(e)    Pre-judgment and post-judgment interest;

(f)    Attorneys' fees; and

(g)    Any other relief that this Court deems just.

## COUNT III - WORKERS' COMPENSATION RETALIATION

34.    Plaintiff re-states and hereby incorporates by reference paragraphs 1 through 33 hereinabove.

35.    By committing the aforementioned acts, including terminating Plaintiff, Defendants have retaliated against Plaintiff for exercising his rights under Delaware's workers' compensation statutes.

36.    Said actions by Defendants constituted retaliation against Plaintiff in violation of 19 Del. C. § 2365.

37.    As a direct result of this retaliatory conduct of Defendants, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

(a)     Back pay, including interest;

(b)     Reinstatement, if feasible, or in the alternative, front pay;

(c)     Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

(d)     Punitive damages;

(e)     Pre-judgment and post-judgment interest;

(f)     Attorneys' fees; and

(g)     Any other relief that this Court deems just.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____
NOEL E. PRIMOS, ESQUIRE
Bar I.D. #3124
414 South State Street
P.O. Box 497
Dover, DE 19903
(302) 674-0140
Attorneys for Plaintiff

Dated: 2-29-16
NEP:rp